## John H. Nichols *vs.* Rebecca Todd.

A mere entry upon land, under a deed defectively executed, not followed by any acts of ownership or continued possession, will not sustain a writ of entry.

Writ of entry to recover a parcel of land in Salem.

At the trial before *Bigelow,* J. the demandant, to prove his title, offered a deed from the city of Salem to himself, which he admitted to be imperfectly executed, (bearing the signature and seal of the mayor, and not of the city,) and insufficient to convey the title of the city in the premises. The demandant also offered to prove that the city sold to him at public auction a tract of land bounding northerly on land of the tenant, of which land the tenant was then in possession; that the premises in dispute were on this northerly line, the boundary line being in controversy; that the demandant entered on the land thus sold, and on the demanded premises, for the purpose of making surveys; and soon after such entry, the tenant inclosed the demanded premises with a fence, and had since continued in exclusive possession thereof; and that during the continuance of such exclusive possession the city duly executed and delivered to the demandant a second deed of the premises. The judge reported the case to the full court; the parties agreeing that if, on this evidence, the action could be maintained, the case should be sent to a jury to determine the true boundaries; otherwise, the demandant should become nonsuit.

*S. H. Phillips*, for the demandant. Prior possession, under color of title, is sufficient to maintain a writ of entry against one who has no title. In case of entry under color of title, as, for instance, under a deed imperfectly executed by an agent as the deed of his principal, the entry must be considered as having been made upon the land described in the deed, and the extent of the possession is to be determined by the deed. *Kennebeck Purchase* v. *Springer*, 4 Mass. 416. *Marston* v. *Hobbs*, 2 Mass. 439. *Ross* v. *Gould*, 5 Greenl. 204. *Breck* v. *Young*, 11 N. H. 490. *Jackson* v. *Newton*, 18 Johns. 360. *Brimmer* v. *Long Wharf*, 5 Pick. 135. *Milton* v. *First Parish in Milton*, 10 Pick. 447. *Kennebec Purchase* v. *Laboree*, 2 Greenl. (2d ed.) 275 & note. *Noyes* v. *Dyer*, 25 Maine, 468.

*S. C. Bancroft*, for the tenant.

BIGELOW, J. This is a writ of entry. The demandant must recover, if at all, on the strength of his own title. He cannot stand upon his paper title. The first deed from the city of Salem to him, having been defectively executed, did not convey the grantor's title. The second deed from the city, although duly and formally executed, was equally inoperative, because at the time of its execution and delivery the tenant had taken exclusive possession of the demanded premises and thereby disseized the city. A disseizee cannot convey a title.

Having no title by deed, the only question is whether the evidence discloses any such possession of the demanded premises by the demandant as to constitute a good title against the tenant. There is no doubt of the general principle, that actual possession of real estate, without any title by grant or record, constitutes a good title against a stranger having no title. In such case prior possession gives priority of title. *Slater* v. *Rawson*, 6 Met. 444. But in the present case the demandant failed to show a prior possession by himself. On the contrary, the evidence rather tended to prove a possession by the tenant at the time of the entry on the premises by the demandant, in which case the demandant was a mere trespasser, and cannot make his tortious entry a foundation of title. But the more decisive answer to this part of the case is, that the demandant shows no possession

48 *

of the estate. A mere entry on land, without any actual possession of it, affords no sufficient proof of title, even against a person who subsequently takes and holds possession of 'the estate. A mere possessory right is the lowest title known to the law. Proof of entry only, without some acts of ownership 'or continued possession or occupation, will not sustain such a title. It must appear that a party claiming land by possession has entered thereon, and has indicated in some way the extent of his claim, and that possession thereof followed the entry, and was kept up according to the nature and situation of the property. *Cook* v. *Rider*, 16 Pick. 186, 188. There is no evidence in this case which shows that the demandant held any possession of the estate after his entry, and at the time when the tenant inclosed the premises by a fence and took exclusive possession thereof. The demandant therefore was not in any sense disseized by the tenant. If there had been proof of a prior possession by the demandant, it would have been incumbent on the tenant to show an earlier possession or a better title. As the case stands, the demandant has shown no such title as to put the tenant upon his defence. *Demandant nonsuit.*